# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[3] CÁNDIDO CABRERA LEONARDO,

Defendant.

CRIMINAL NO. 21-319 (ADC)

## REPORT AND RECOMMENDATION
## RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

### I.    Procedural Background

On September 8, 2021, a grand jury returned an indictment against defendant [3] Cándido Cabrera Leonardo ("defendant"), among others. ECF No. 21. Defendant has agreed to plead guilty to a lesser included offense in count three of the indictment. Count three charges the defendant of conspiring to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A)(ii), and 846.

### II.    Consent to Proceed Before a Magistrate Judge

On March 16, 2023, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count three of the indictment. The defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to

have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant consented to proceed before the undersigned magistrate judge.

## III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A.    Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

### B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial.

3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, defendant was explained and he understood that if convicted on count three as charged he will face the following penalties: a term of imprisonment of at least ten (10) years but not more than life, a fine not to exceed ten million dollars ($10,000,000), and a term of supervised release of at least five (5) years. However, if the court chooses to accept the defendant's guilty plea to the lesser included offense based on the stipulated amount of narcotics, that is, at least four hundred (400) grams but less than five hundred (500) grams of cocaine, the defendant would be exposed to the following penalties: a term of imprisonment of not more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000), and a supervised release term of at least three (3) years.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per count of conviction pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

**D. Plea Agreement**

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1.      The plea agreement is not binding upon the sentencing court.

2.      The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3.      The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4.      In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

Defendant acknowledged having understood these explanations and all the terms and conditions of the plea agreement.

### E.  Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the lesser included offense in count three of the indictment.

### F.  Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G.  Waiver of Appeal

The defendant was explained, and he understood, that if the sentence imposed by the court is 33 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence.

### H.  Package Plea Warnings

[3] Cándido Cabrera Leonardo informed that he had not been pressured or coerced by the co-defendants into entering a guilty plea. [3] Cándido Cabrera Leonardo was explained, and he understood, that even if the co-defendants decide to enter guilty pleas, he is still presumed innocent and may still exercise his right to go to trial. [3] Cándido Cabrera Leonardo was also explained, and he understood, that if he chooses to go to trial, neither the court nor the jury can draw any adverse inference against him simply because the co-defendants have entered guilty pleas. Moreover, [3] Cándido Cabrera Leonardo was explained, and he understood, that not necessarily all the defendants entering into a package plea will receive the same sentence.

### I. Other warnings

The defendant, who is not a United States citizen, was explained, and he understood, that his conviction to count three of the indictment may result in negative or adverse administrative

or collateral consequences regarding his immigration status in the United States, including but not limited to deportation after serving the sentence in this case.

## IV.    Conclusion

[3] Cándido Cabrera Leonardo, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to the lesser included offense in count three of the indictment. After cautioning and examining [3] Cándido Cabrera Leonardo under oath and, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that he is competent to enter this guilty plea, is aware of the nature of the offense charged in count three and the maximum statutory penalties that the same carries, understands that the lesser included offense in count three is supported by the government's evidence, has admitted to every element of the lesser included offense charged in count three, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the guilty plea of [3] Cándido Cabrera Leonardo to the lesser included offense in count three of the indictment be accepted.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt or before the sentencing hearing, whichever occurs sooner. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 24th day of March, 2023.

s/Marcos E. López
U.S. MAGISTRATE JUDGE